TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00190-CV






Appellants, John Reed Kleas and Lelah Mae Broussard Kleas d/b/a Allegra

Management; Allegra Development, L.P.; and Allegra Management, L.L.C. //

Cross-Appellant, BMC West Corporation d/b/a Stripling-Blake Lumber Company


v.


Appellees, BMC West Corporation d/b/a Stripling-Blake Lumber Company

and Edward Mancias// Cross-Appellees, John Reed Kleas and Lelah Mae 

Broussard Kleas d/b/a Allegra Management; Allegra Development, L.P.;

and Allegra Management L.L.C.






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. GN202575, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING




S U P P L E M E N T A L O R D E R



PER CURIAM

 Appellee BMC West Corporation d/b/a Stripling-Blake Lumber Company has filed
a motion requesting this Court to correct its revised judgment rendered on January 23, 2009, to also
reflect that judgment is rendered against the appellants Lelah Mae Broussard Kleas d/b/a Allegra
Management; Allegra Development, L.P.; and Allegra Management, L.L.C. We deny appellee's
motion and issue this supplemental order to clarify the reasons for this ruling.

 In this Court's revised judgment issued on January 23, 2009, the Court affirmed the
judgment of the trial court in all things. The trial court rendered judgment against appellants. By
affirming the trial court's judgment in all things, this Court has in effect rendered judgment against
the appellants. Likewise, pursuant to Texas Rule of Appellate Procedure 43.5, this Court's revised
judgment of January 23, 2009, renders judgment against the surety SureTec Insurance Company on
the appellants' supersedeas bond No. 3331551 and supplemental bond No. 1. See Tex. R. App. 43.5.

 Rule 43.5 provides:


 When a court of appeals affirms the trial court judgment, or modifies that judgment
and renders judgment against the appellant, the court of appeals must render
judgment against the sureties on the appellant's supersedeas bond, if any, for the
performance of the judgment and for any costs taxed against the appellant.


Id. (emphasis added). Appellee misconstrues the italicized portion of rule 43.5 to mean that this
Court must "render judgment against the appellant." But that is not what the rule requires. Properly
read, the plain language of the rule requires two things: (1) that this Court either "affirm[ ] the trial
court judgment," which was done in this case, or modify that judgment and render judgment against
the appellant; and (2) render judgment against the surety. 

 Because this Court's revised judgment affirmed the trial court's judgment in all things
and rendered judgment against the surety on appellants supersedeas bond and supplemental bond,
this Court's revised judgment satisfies the requirements of rule 43.5. See id. We therefore deny
appellee's motion to correct the judgment.

 It is so ordered February 20, 2009.


Before Chief Justice Law, Justices Patterson and Pemberton

 Chief Justice Law not participating